UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal No. 21-CR-0575 (EGS) |
| | : | |
| DAVID JOHN LESPERANCE | : | |
| CASEY CUSICK | : | |
| JAMES VARNELL CUSICK JR. | : | |

## SECOND SUPPLEMENT TO PREVIOUSLY FILED REPORT AND RECOMMENDATION REGARDING SINGLE ATTORNEY REPRESENTING THREE CO-DEFENDANTS IN THE SAME CASE

Pursuant to the Court's September 20, 2022, Minute Order setting October 14, 2022, as the deadline for any supplement to the previously filed Report and Recommendation (Doc. No. 18) and the September 4, 2022, Supplement,[1] undersigned counsel respectfully submits the instant Supplement.

John Pierce represents, and has represented, many individuals charged in cases emanating out of the events of January 6, 2021, at the United States Capitol.[2] As a result, his representation in

---

[1] From a review of PACER, it does not appear that the September 4, 2022, Supplement to the Report and Recommendation, that was filed *ex parte* and under seal, has been filed in redacted form on the open docket.

[2] A review of PACER indicates that Mr. Pierce currently represents the following individuals in cases emanating out of the events of January 6, 2021, at the U.S. Capitol: Christopher Alberts in 21-CR-26 (CRC), David Mehaffie in 21-CR-40 (TNM), William Pepe in 21-CR-52 (TJK), Nathaniel Degrave in 21-CR-88 (DLF), Leo Bozell in 21-CR-216 (JDB), Deborah Lynn Lee in 21-CR-303 (ABJ), Jonah Westbury in 21-CR-371(RC), Paul Rae in 21-CR-378 (TJK), Daniel Gray in 21-CR-495 (ABJ), Michael Brock in 21-CR-500 (CJN), Stephanie Baez in 21-CR-507 (PLF), Isaac Westbury, Aaron James, and Robert Westbury in 21-CR-605 (RC), Derek Gunby in 21-CR-626 (PLF), Anthony Sargent in 21-CR-639 (EGS), Jared Kastner in 21-CR-725 (RDM), Lloyd Cruz in 22-CR-64 (RBW), Michael Gianos in 22-CR-74 (JMC), and Jonathan Kline in a civil matter, District of Columbia v. Proud Boys International, LLC, *et. al* (21-CV-326-APM). Moreover, a review of PACER indicates that Mr. Pierce's former clients in cases born of the January 6, 2021, events at the U.S. Capitol were the following: Jacob Chansley in 21-CR-3 (RCL), Kenneth Harrelson in 21-CR-28 (APM), Ronald McAbee in 21-CR-35 (EGS), Nathaniel DeGrave in 21-CR-90 (PLF), Peter Schwartz in 21-CR-178 (APM), Treniss Evans III in 21-CR-225(DLF), Shane Jenkins in 21-CR-245 (APM), Christopher Worrell in 21-CR-292 (RCL), Kevin Tuck and Nathaniel Tuck in 21-CR-378 (TJK), Jeramiah

those other cases could present a conflict to the extent that one of his clients in the above-captioned case would benefit from cooperating against a client Mr. Pierce represents in one of those other cases, as well as at trial or sentencing in this case.

As set for the in the Report and Recommendation (Doc. No. 18), with respect to the general considerations regarding conflicts, Rule 1.7 states:

> (a) A lawyer shall not advance two or more adverse positions in the same matter.
> (b) Except as permitted by paragraph (c) below, a lawyer shall not represent a client with respect to a matter if:
>
>> (1) That matter involves a specific party or parties and a position to be taken by that client in that matter is adverse to a position taken or to be taken by another client in the same matter even though that client is unrepresented or represented by a different lawyer;
>> (2) **Such representation will be or is likely to be adversely affected by representation of another client**;
>> (3) **Representation of another client will be or is likely to be adversely affected by such representation**;
>> (4) The lawyer's professional judgment on behalf of the client will be or reasonably may be adversely affected by the lawyer's responsibilities to or interests in a third party or the lawyer's own financial, business, property, or personal interests.
>
> (c) A lawyer may represent a client with respect to a matter in the circumstances described in paragraph (b) above if
>
>> (1) **Each potentially affected client provides informed consent to such representation after full disclosure of the existence and nature of the possible conflict and the possible adverse consequences of such representation**; and
>> (2) **The lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client**.

---

Caplinger in 21-CR-342 (PLF), Alan Hostetter in 21-CR-392 (RCL), James McGrew in 21-CR-398 (BAH), Ryan Samsel in 21-CR-537 (JMC), Victoria White in 21-CR-563 (JDB), Alan Fischer in 22-CR-11 (RJL), Tyler Tew in 22-CR-27 (TSC), and Lucas Denney in 22-CR-70 (RDM). Finally, Mr. Pierce also represented Jason Guanro *et. al* in a motion to quash a subpoena for electronic records in 22-MC-50 (JMC-ZMF).

D.C. Rules of Professional Conduct, Rule 1.7: Conflict of Interest: General Rule (emphasis supplied).

With respect to plea bargaining with the government, if Mr. Pierce's advice to one of the clients he represents in the above-captioned case regarding whether he ought to cooperate with the government were to be colored by Mr. Pierce's allegiance to the client against whom the cooperation would be sought, there would be a conflict for Mr. Pierce. *See* Report and Recommendation (Doc. No. 18) at 13

Similarly, as discussed in the Report and Recommendation (Doc. No. 18 ), potential conflicts also could exist for Mr. Pierce regarding his representation of other clients in the cases cited in Note 2, *supra*, if one of Mr. Pierce's clients in those other cases were to become a government witness against one of his clients in the above-captioned case, since he might be in a position where he would have to cross-examine his own client (or former client). *See* Report and Recommendation (Doc. No. 18) at 14-15.  Finally, as set forth in the Report and Recommendation, at sentencing Mr. Pierce could be in a position where, in service to one of the clients in the above-captioned case, he would have to argue that one of his clients in the other cases is more culpable, and if he did not do so, might be denying one of his clients in the above-captioned case the zealous advocacy to which he is entitled.  *See* Report and Recommendation (Doc. No. 18) at 16.

**Dated: October 14, 2022**                                        Respectfully submitted,

*s/Santha Sonenberg*
_____
Santha Sonenberg (D.C. Bar No. 376-188)
(202) 494-7083
santhasonenberg@yahoo.com